Argued December 4, 1973, reversed and remanded
November 5, 1974

# SMITH RADIO COMMUNICATIONS, INC., Appellant, v. CHALLENGER EQUIPMENT, LTD., Respondent.

527 P2d 711

*Edward H. Warren,* of Hershiser, Mitchell & Warren, Portland, argued the cause and filed briefs for appellant.

*Marshall C. Cheney, Jr.,* of Mize, Kriesien, Fewless, Cheney & Kelley, Portland, argued the cause and filed a brief for respondent.

McALLISTER, J.

This is an action for common law indemnity brought by a retailer, Smith Radio Communications, Inc., to recover sums paid to defend an action and pay a judgment for personal injuries caused by a defective

electronic signaling device which plaintiff purchased from defendant and sold to the employer of the injured workman. The court tried the action without a jury and found for defendant. Plaintiff appeals.

The parties filed in this court an agreed narrative statement which includes the following facts.

Defendant Challenger Equipment, Ltd., is a Canadian corporation engaged in designing, manufacturing and selling electronic signaling devices called "Electrobugs" for use in logging operations. In May, 1966 plaintiff was the exclusive retail dealer in Oregon for the Electrobugs manufactured by defendant. On May 2, 1966 defendant sold to plaintiff an Electrobug receiver and two transmitters and on or about May 13, 1966 plaintiff sold the same equipment without alterations to the United States Plywood Corporation.

On or about May 9, 1967, one Bill Mace, while employed as a choker setter by U. S. Plywood near Mapleton, sustained personal injuries when he signalled with the Electrobug for a slack line and the machine operator tightened the line instead.

Bill Mace sued plaintiff Smith Radio in the circuit court for Lane county on the sole theory of strict liability as retail seller and distributor of the Electrobug. His complaint alleged that "because of a defect in or in the design of said signaling device, a false signal was transmitted to the machine operator with the result that he caused the line to be taken in rather than slackened" and that as a result Bill Mace was injured.

■ We do not detail the complex evidence concerning the notice to defendant Challenger Equipment and the tender to Challenger by plaintiff of the de-

fense of the Mace action. It is sufficient to quote from the findings of the trial court as follows:

> "By this letter [from counsel representing plaintiff Smith Radio], the defendant was advised pursuant to the provisions of ORS 72.6070 that the manufacturer of the Electrobug should come in and defend the litigation between Bill Mace and Smith Radio Communications and advised that if it did not do so, it would be bound in any action against it by the plaintiff by any determination of facts common to the litigation subsequently commenced by Smith Radio Communications against the manufacturer. The defendant, after reasonable receipt of said notice, did not come in and defend, but neglected and refused to do so."

The above finding was supported by substantial evidence and is binding on us.

In the Mace action against Smith Radio the jury found in favor of Bill Mace and awarded him general damages of $4,579.70 and answered the following special interrogatory:

> "Q  Did the Electrobug signaling device being used by the plaintiff have a defect in manufacture or design which contributed to plaintiff's injuries?
> "A  Yes."

The court entered judgment on the verdict and awarded costs in the sum of $149 and plaintiff satisfied the judgment. It is agreed that plaintiff incurred expenses in investigating and defending the Mace action amounting to $5,879 and that said amount was reasonable. In this action Smith Radio asks to be indemnified by Challenger Equipment for all of said sums.

■ There is no doubt that if Smith Radio merely delivered the Electrobug to U. S. Plywood as received by it from Challenger and did not cause any defect in

the device, it was merely passively or secondarily liable and entitled to indemnity. See: *Astoria v. Astoria & Columbia River R. Co.*, 67 Or 538, 547-548, 136 P 645, 49 LRA NS 404 (1913); *Kennedy v. Colt*, 216 Or 647, 653-654, 339 P2d 450 (1959); *Fulton Ins. Co. v. White Motor Corp.*, 261 Or 206, 210, 493 P2d 138 (1972).

■ In determining whether Smith Radio's responsibility was primary or secondary we turn first to the complaint in the Mace case. The only pertinent allegation in that complaint alleged that "because of a defect in or in the design of said signaling device, a false signal was transmitted" which caused the injury to Mace. It is argued and we recognize that the quoted allegation is not limited to defects in the *manufacture* of the Electrobug, but, taken literally, could include defects caused by plaintiff Smith Radio while the Electrobug was in its possession. However, we find in the record no proof that Smith Radio caused any defect in the Electrobug. We find, on the contrary, that Smith Radio was absolved of responsibility for any defect in the Electrobug by the following circumstances: The first is the admission in the agreed narrative statement as follows: "On or about May 13, 1966, plaintiff sold the Electrobug consisting of the receiver and the two transmittors [sic], to United States Plywood Corporation, *without alterations.*" (Emphasis supplied.) We think this means, in effect, that the equipment was delivered to U. S. Plywood in the same condition as it was in when received from Challenger.

■ We think that responsibility on the part of the plaintiff is further eliminated by the special verdict of the jury in the Mace case. It is conceded that Mace sued plaintiff Smith Radio on the sole theory of

strict liability as retail seller and distributor of the defective Electrobug. The special interrogatory asked the jury whether the Electrobug had a defect in *manufacture* or design and the jury found that the Electrobug did have a defect in *manufacture* or design. The answer to this special interrogatory limits the defects in the Electrobug to those caused in the manufacture or design thereof and absolves Smith Radio of any primary or active responsibility. The submission of the special interrogatory to the jury in the Mace case and its answer thereto are pleaded by plaintiff in this case and admitted by defendant.

The trial court was under the impression that the answer by the jury to the special interrogatory was irrelevant because the jury did not find that the defect in manufacture or design was the sole cause of Mace's injury, but only found that it contributed to his injuries. We take a different view. If the defect in the Electrobug was a manufacturing defect, it is immaterial whether Challenger's conduct was the sole cause or only a contributing cause of Mace's injury. The question in this case is whether Smith Radio contributed to the injury and we think that question is answered in the negative by the statement that the Electrobug was delivered "without alterations" and by the special verdict of the jury in the Mace case. If the manufacturing defect in the Electrobug either caused or contributed to Mace's injury, Challenger, as the manufacturer, was primarily or actively liable to Mace and since Mace elected to sue the retailer, Challenger is required to indemnify the retailer Smith Radio. *Newmark v. Gimbel's Incorporated,* 54 NJ 585, 600, 258 A2d 697, 705 (1969); *O. S. Stapley Co. v. Miller,* 6 Ariz App 122, 129, 430 P2d 701 (1967).

Since the only questions involved here are questions of law, the judgment of the trial court is reversed and the case remanded with instructions to enter a judgment for plaintiff.