Argued and submitted January 25, reversed and remanded September 6, 1989

# IRWIN YACHT SALES, INC.,
*Appellant,*

*v.*

# CARVER BOAT CORPORATION,
*Respondent.*

(A8803-01635; CA A49369)

778 P2d 982

Kathryn R. Janssen, Portland, argued the cause for appellant. With her on the briefs were Peter R. Chamberlain and Bodyfelt Mount Stroup & Chamberlain, Portland.

Timothy W. Grabe, Portland, argued the cause for respondent. With him on the brief was Don G. Swink, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiff, a boat retailer, seeks indemnity from defendant, a boat manufacturer, for the amount of a judgment against plaintiff for damages incurred by a purchaser of a boat. In the underlying action, both plaintiff and defendant were found to be severally liable for a portion of the purchaser's damages. In the present action, the trial court granted defendant's motion to dismiss for failure to state a claim, ORCP 21A(8), holding that the prior action had decided the relative liability of the two parties. We reverse and remand.

Plaintiff sold Mynahan a boat designed and manufactured by defendant. He was injured while working on the boat when he suffered carbon monoxide poisoning as a result of the failure of an exhaust hose connection on the boat's engine. Mynahan sued plaintiff and defendant for personal injuries, alleging strict liability and negligence against both, neither of which filed a cross-claim against the other.

In that action, the jury returned a special verdict for Mynahan for $26,718.25, finding him to have been 15 percent "at fault" and plaintiff and defendant to be 40 percent and 45 percent "at fault," respectively. The verdict did not state whether the defendant's liability was based on negligence or strict liability. Judgment was entered against plaintiff for $10,687.30, against defendant for $12,023.21 and against plaintiff and defendant jointly for $786.50 in costs.

In this action, plaintiff claims that its fault was "passive" and that defendant's was "active," thus entitling it to indemnification for the judgment against it. Defendant contends that the relative liability of the parties was adjudicated in the prior action and that plaintiff is precluded from maintaining this action. The general rule appears to be:

> "In an action for indemnity, the claimant must plead and prove that (1) he has discharged a legal obligation owed to a third party; (2) the defendant was also liable to the third party; and (3) as between the claimant and the defendant, the obligation ought to be discharged by the latter. * * * The last requirement means that, although the claimant must have been legally liable to the injured third party, his liability must have been 'secondary' or his fault merely 'passive,' while that of the defendant must have been 'active' or 'primary.' " *Fulton*

*Ins. v. White Motor Corp.,* 261 Or 206, 210, 493 P2d 138 (1972). (Citations omitted.)

In *U.S. Fid. & Guar. Co. v. Thomlinson Co.,* 172 Or 307, 141 P2d 817 (1943), the court held that a joint judgment against a highway contractor and a subcontractor for injuries to automobile occupants did not determine whether one of the defendants was entitled to indemnity from the other. In doing so, the court quoted with approval this passage from 30 Am Jur, "Judgments," § 233:

> " 'The general rule is that parties to a judgment are not bound by it in subsequent controversies between each other, where they are not adversaries in the action in which the judgment is rendered. This is true whether the judgment is rendered in favor of the plaintiff, or determines the issues in favor of the defendants. The rule applies to a fact which might have been, but was not, litigated in the original action. The theory of the many decisions supporting the general rule is that the judgment merely adjudicates the rights of the plaintiff as against each defendant, and leaves unadjudicated the rights of the defendants as among themselves.' " 172 Or at 326.

■■■ Defendant argues that, by finding plaintiff 40 percent at fault, the jury in the prior action determined that plaintiff's fault was "active." We disagree. Just as a joint finding of negligence against the codefendants in *Thomlinson* did not determine the issues of indemnity not pleaded or presented, the allocation of fault here did not determine whether plaintiff's fault was active or passive. That issue was not presented to the jury. A finding that plaintiff was to some degree at fault is not fatal to plaintiff's indemnity claim here; it is, in fact, necessary to it, because the indemnitee is not entitled to indemnity unless it is liable to the injured third party. *Fulton Ins. v. White Motor Corp., supra,* 261 Or at 212.

■■■ Defendant also contends that the jury found plaintiff negligent for failing to inspect the boat and, therefore, found plaintiff liable for "active" negligence as a matter of law. The jury verdict does not tell us the basis for recovery—negligence or strict liability. A retailer found liable to a purchaser of a product in strict liability may be entitled to indemnity from the manufacturer of that product if the retailer sold the product without alteration. *Smith Radio v. Challenger Equip.,* 270 Or 322, 325-26, 527 P2d 711 (1974); *Davison v. Parker,* 50 Or

App 129, 137, 622 P2d 1113, *rev den* 290 Or 853 (1981). Thus, even if a jury finding of negligence precludes an indemnity claim, the jury's verdict here would not do so, because it does not tell us the basis for recovery.

■ In any case, a party *may* be indemnified for liability arising from its own passive negligence. In *Fulton Ins. v. White Motor Corp., supra,* the court affirmed an indemnity judgment for the insurers of the owners and the driver of a truck on which the suspension system had failed, causing injuries to a third person. The court held that, *unless* the insureds were negligent and their settlement with the third party discharged a legal liability actually owed by them, the indemnity judgment could not stand. The court found that there was sufficient evidence of negligence on the part of the insureds and affirmed the judgment for indemnity. Therefore, even if the jury here had found plaintiff to be negligent for failing to inspect the boat, that would not bar the claim for indemnity. The question would remain whether plaintiff's negligence was passive and defendant's was active, in relation to each other. Because that issue has not yet been litigated, plaintiff has pleaded sufficient facts to state a claim for indemnity. The trial court erred in dismissing plaintiff's complaint.

Reversed and remanded.