Argued and submitted May 12, at Pendleton, Oregon, affirmed as modified
November 8, 1989, reconsideration denied February 1, petition for review denied
March 27, 1990 (309 Or 521)

# C.I.T. GROUP/EQUIPMENT FINANCING, INC.,
fka C.I.T. Corporation,
*Plaintiff,*

*v.*

## YOUNG et al,
*Appellants,*

*v.*

## HESSEL TRACTOR & EQUIPMENT CO.,
*Respondent.*

(87-CV-31; CA A46894)

782 P2d 169

W. Eugene Hallman, Pendleton, argued the cause for

appellants. With him on the briefs was Mautz Hallman, Pendleton.

Lindsey H. Hughes, Portland, argued the cause for respondent. With her on the brief were William A. Davis and Hallmark, Keating & Abbott, P.C., Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Third-party plaintiffs (Young) appeal from the portion of a judgment awarding third-party defendant Hessel defense expenses incurred in *Young v. Hessel Tractor & Equipment Co.* 99 Or App 262, 782 P2d 164 (1989). Hessel also sought attorney fees incurred in this action after both parties had stipulated to dismissal of Young's third-party complaint. The trial court awarded Hessel $46,109.45 for defense expenses incurred in the other case as well as $6,698.25 in attorney fees incurred in this action. The award of fees incurred in this action is not challenged.

Hessel and Young, as the seller and the buyer of equipment, signed a security agreement that required the buyer to pay reasonable attorney fees incurred by the seller in enforcing its rights if the buyer defaulted. Hessel assigned all of its rights under the agreement to C.I.T., the plaintiff in this case, before any alleged default by Young.[1]

Young argues that there was no legal basis to support the award applicable to the prior case. We agree and modify the judgment. Attorney fees are not recoverable except as permitted by statute or contract. Fees incurred in previous litigation are only recoverable under a specific legal theory, such as breach of a contract that provides for attorney fees or when a tortious act makes litigation necessary, either of which requires a party to act to protect his interests by bringing or defending an action against a third party. *U.S. Fire Ins. Co. v. Chrysler Motors,* 264 Or 362, 372, 505 P2d 1137 (1973). Legal expenses may also be recovered from an indemnitor for wrongful refusal to defend an indemnitee. *Smith Radio v. Challenger Equip.,* 270 Or 322, 527 P2d 711 (1974).

Hessel concedes that it was not entitled to recover fees in the other case but argues that, because issues were decided there that enabled it to win in this case, it should be able to recover expenses incurred in the first litigation.[2] Hessel mistakenly relies on a case in which we allowed the

---

[1] C.I.T. and Young settled C.I.T.'s claim, which was dismissed.

[2] Young does not argue that if they achieved a reversal of *Young v. Hessel Tractor & Equipment Co., supra,* as they have, that fact would provide a separate basis for modification of this judgment. We note that ORCP 71B(1)(e) could provide a discretionary basis to set aside the award in a separate proceeding.

plaintiffs to recover legal expenses for a prior proceeding related to their breach of contract claim. In *Williams v. Leatham,* 55 Or App 204, 210, 637 P2d 1296 (1981), we found the attorney fees provision of the contract to be broad enough to include the related proceeding.

■     Hessel points to the attorney fees provision of its security agreement with Young both as the basis for recovery of attorney fees in this case and of defense expenses in the earlier litigation. Because all of Hessel's rights under the security agreement were assigned to C.I.T., Hessel has no present right to bring an action under that agreement to collect attorney fees for the buyer's breach. Hessel points to no other contract or statute allowing it to recover any legal fees in this or the other litigation. Neither does it contend that Young was guilty of tortious conduct in bringing the earlier action. Hessel has shown no legal basis for recovery of the prior litigation expense.

Judgment reduced to $6,698.25; affirmed as modified.