Gary R. LaCHANCE
and Linda LaChance,
*Appellants,*

*v.*

LES SCHWAB
WAREHOUSE CENTER, INC.,
an Oregon corporation,
and Lovell-McCall Tire Service of Seaside, Inc.,
dba Les Schwab Tire Center, an Oregon corporation,
*Respondents.*

(91-2090; CA A76129)

858 P2d 890

William H. Skalak, Portland, argued the cause for appellants. With him on the briefs was William H. Skalak & Associates, Portland.

Anthony Adams Allen, Salem, argued the cause for respondents. With him on the brief were Paul H. Krueger and Gatti, Gatti, Maier, Jackson & LeDoux, Salem.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

Plaintiffs appeal the judgment entered after the trial court granted defendants' motion for summary judgment and dismissed plaintiffs' personal injury and loss of consortium claims on the basis of issue preclusion. We reverse.

Plaintiff Gary LaChance was involved in a motor vehicle accident in which he was the driver of one vehicle. Two persons in the other vehicle were killed. A wrongful death action was tried in Columbia County; plaintiff Gary and defendants here were co-defendants.[1] The plaintiff in that case alleged that defendants had negligently repaired a tire on the vehicle that Gary was driving, and that the tire had failed and caused the accident. The jury in that case returned a verdict in favor of the co-defendants. None of the co-defendants in that case had filed cross-claims.

While the wrongful death action was pending and before trial, plaintiffs filed this action in Clatsop County alleging, among other things, that defendants had negligently repaired the tire that failed. Gary sought damages for his injuries sustained in the accident, and Linda, his wife, sought damages for loss of consortium. After the jury verdict in the wrongful death action, defendants here filed an amended answer that included an affirmative defense that these claims are barred by the verdict in the first action.

Defendants then filed a motion for summary judgment, seeking dismissal on the basis of issue preclusion. Plaintiffs assign error to the court's granting of defendants' motion.

Defendants based their motion and their argument on the doctrine of issue preclusion, arguing that, in the earlier proceeding, defendants were found not negligent and that plaintiffs are bound by the earlier finding on that issue.[2] They argue that Gary is bound because he was a party in the prior case. They argue that Linda is bound because she is in privity with Gary or because her claim is otherwise derivative of Gary's claim.

---

[1] Another wrongful death action that was filed in Columbia County was settled before trial.

[2] Defendants did not attack plaintiffs' claim on the basis of claim preclusion.

■     The doctrine of issue preclusion, as it applies to parties who were also parties in a prior case, was recently reiterated in *Drews v. EBI Companies*, 310 Or 134, 139, 795 P2d 531 (1990):

> " 'If a claim is litigated to final judgment, the decision on a particular issue or determinative fact is conclusive in a later or different action between the same parties if the determination was essential to the judgment.' *North Clackamas School Dist. v. White*, [305 Or 48, 53, 750 P2d 485, *mod* 305 Or 468, 752 P2d 1210 (1988)]."

Once it is established that an identical issue that was essential to the judgment was decided in a prior action, the burden shifts

> "to the party against whom estoppel is sought to bring to the court's attention circumstances indicating the absence of a full and fair opportunity to contest the issue in the first action or other considerations which would make the application of preclusion unfair." *State Farm v. Century Home*, 275 Or 97, 105, 550 P2d 1185 (1976).

The Oregon courts have not specifically defined what constitutes a full and fair opportunity to contest an issue.

■     Plaintiffs argue that, because Gary did not cross-claim against defendants in the Columbia County litigation, he did not have a full and fair opportunity to be heard in that litigation, and therefore issue preclusion should not apply.[3] In *U.S. Fid. & Guar. Co. v. Thomlinson Co.*, 172 Or 307, 141 P2d 817 (1943), the Supreme Court rejected the application of issue preclusion to an indemnity claim between joint tortfeasors who were both found liable in the prior tort

---

[3] In their arguments on the motion below and on appeal, plaintiffs admit that the issue of defendant's "negligence" or breach of duty was decided in the prior action. We are bound by their admission even if we do not agree with their interpretation of the judgment in the prior action. In the wrongful death action, the jury found that defendant Lovell-McCall Tire Service acted as an agent for defendant Les Schwab Warehouse Center, Inc., and answered "No" on the special jury verdict form to this question:

> "Was defendant Lovell-McCall Tire Service of Seaside, Inc. negligent in one or more of the respects alleged in plaintiffs' complaints, and, if so, was such negligence a cause of damage to plaintiffs?"

The special verdict form allowed the jury to answer "No" if it found either no negligence *or* that defendants' negligence was not the cause of the plaintiffs' damages.

action. In support of its decision, the Court cited *Restatement Judgments* § 82 (1942), which provides:

"The rendition of a judgment in an action does not conclude parties to the action who are not adversaries under the pleadings as to their rights inter se upon matters which they did not litigate, or have an opportunity to litigate, between themselves."

Illustration 1 under that section describes a scenario similar to the facts in this case:

"A and B are driving automobiles, which collide. C, a passenger in B's car, sues A and B. Whether the judgment is in favor of or against C as to either or both A and B, the issues as to negligence or other element of the cause of action are not res judicata in a subsequent action by A against B for damage to his car." *Restatement Judgments* § 82, *comment b* (1942).

Although the illustration is described in terms of *res judicata* or claim preclusion, it applies directly to the issue preclusion discussion here, in which defendants are arguing that the finding with regard to negligence in the prior case gave him "a full and fair opportunity" to be heard on the issue of negligence.

*Restatement (Second) Judgments* § 38 (1982) updates *Restatement Judgments* § 82 (1942). The more recent version, which has not previously been cited in any Oregon case, ignores the question of which pleadings were filed in the prior litigation, allowing the parties to apply the doctrine of issue preclusion to "issues they actually litigate fully and fairly as adversaries to each other and which are essential to the judgment rendered." Under that rule, a number of courts have found that, for co-defendants who merely defended themselves in the previous litigation, issues of liability between them were not litigated "fully and fairly as adversaries." *See, e.g., Hydraulic & Air Equipment Co. v. Mobil Oil Corp.*, 652 F Supp 633 (D Idaho 1987). Even applying the current *Restatement*, defendants have not offered evidence that, in spite of the absence of cross-claims in the prior case, the co-defendants actually litigated the issues between themselves as adversaries.

In *U.S. Fid. & Guar. Co. v. Thomlinson Co., supra,* the court also quoted with approval from 30 Am Jur "Judgments" § 233, which states, in pertinent part:

" 'The general rule is that parties to a judgment are not bound by it in subsequent controversies between each other, where they are not adversaries in the action in which the judgment is rendered. * * * The theory of the many decisions supporting the general rule is that the judgment merely adjudicates the rights of the plaintiff as against each defendant, and leaves unadjudicated the rights of the defendants among themselves.' " 172 Or at 326.

We quoted that passage with approval and cited *Thomlinson* in a more recent indemnity case rejecting the use of issue preclusion between joint tortfeasors. *Irwin Yacht Sales, Inc. v. Carver Boat Corp.*, 98 Or App 195, 778 P2d 982 (1989).

Defendants argue that the holdings in *Thomlinson* and *Irwin Yacht Sales*, which are indemnity cases, do not apply in this case, which presents an issue of simple negligence. Regardless of the distinctions between the indemnity cases and this case, the rules cited in those cases do apply to this case, and we hold that issue preclusion cannot apply to issues that were not litigated fully and fairly by the parties as adversaries in the prior case. Defendants do not argue that the issue of their negligence was litigated between themselves and Gary as adversaries in the prior case.

We hold that the court erred in applying issue preclusion to bar Gary's claim. It follows that the court also erred in applying issue preclusion to bar Linda's claim.

Reversed and remanded.