# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41492
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 5, 2016

Lyle W. Cayce
Clerk

CLARKE'S ALLIED, INCORPORATED,

Plaintiff - Appellant

v.

RAIL SOURCE FUEL, L.L.C.; VICKY SHADE,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:12-CV-00079

Before STEWART, Chief Judge, and CLEMENT and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Clarke's Allied, Inc. ("Clarke's") brought a suit in federal district court, seeking to vacate or modify an arbitration award granted in favor of Defendant-Appellee Rail Source Fuel, L.L.C. ("RSF"). On RSF's

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41492

motion, the district court confirmed the award in full. Clarke's now appeals. We AFFIRM.

## I.    BACKGROUND

In 2011, RSF contracted with Clarke's to convert its tie-grinding operation from a diesel to an electric-powered system. A short while after the conversion project began, several problems arose and many component parts needed to be either repaired or replaced. Dissatisfied with Clarke's service and equipment, RSF decided to use another company for its conversion project, ultimately paying Clarke's only $916,850.77 of the $1,072,351.18 contract price. As a result, Clarke's brought a mechanic's lien enforcement action in a Texas state court for the remaining $155,500.41. RSF then removed the case to the U.S. District Court for the Eastern District of Texas. Once in federal district court, citing the contract's arbitration clause and bringing breach of contract, fraud, lost profits, and negligent misrepresentation counterclaims, RSF moved for the case to be sent to arbitration. Pursuant to the contract, the district court transferred the case to the American Arbitration Association ("AAA") for consideration.

After reviewing the contract's provisions, several affidavits, and the relevant case law, the AAA arbitrator found in favor of RSF, awarding it $916,850.77, the price paid under the contract, but denied RSF's fraud, lost profits, and negligent misrepresentation claims. Moreover, in awarding this amount, the arbitrator denied Clarke's mechanic's lien, finding it lacked merit. Thereafter, RSF moved for Clarke's to pay attorney's fees and costs. Finding that RSF had failed to provide him with contemporaneous time records, the arbitrator concluded that RSF was not entitled to attorney's fees. The arbitrator did, however, find that RSF was entitled to $193,352.59, the reasonable costs associated with defending against Clarke's mechanic's lien claim.

No. 15-41492

On January 6, 2015, RSF moved for the federal district court to confirm the arbitration award.  On February 6, 2015, Clarke's moved to vacate or modify the award.  The district court granted RSF's motion in full, denying Clarke's.  Clarke's appealed.  We affirm.

## II.    STANDARD OF REVIEW

This court reviews a district court's confirmation of an arbitrator's award de novo.  *Timegate Studios, Inc. v. Southpeak Interactive, L.L.C.*, 713 F.3d 797, 802 (5th Cir. 2013).  In reviewing the district court's judgment, however, we afford the arbitrator's award great deference.  *Id.* (quoting *Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314, 1320 (5th Cir. 1994)).  The court must refrain from analyzing an arbitrator's decision on the merits.  *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (citing *Paperworkers v. Misco, Inc.*, 484 U.S. 29, 36 (1987)).  Similarly, even if the arbitrator applied the governing law incorrectly, that alone is not grounds for setting the award aside.  *Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 356 (5th Cir. 2004).  If the "'arbitrator is even arguably construing or applying the contract and acting within the scope of his authority,' the fact that 'a court is convinced he committed serious error does not suffice to overturn his decision.'"  *Garvey*, 532 U.S. at 509 (quoting *E. Associated Coal Corp. v. United Mine Workers of Am.*, 531 U.S. 57, 62 (2000)).  To vacate or modify an arbitration award, the arbitrator's award must be "so unfounded in reason and fact, so unconnected with the wording and purpose of the [contract,] as to 'manifest an infidelity to the obligation of the arbitrator.'"  *Timegate Studios*, 713 F.3d at 803 (quoting *Bhd. of R.R. Trainmen v. Cent. of Ga. Ry.*, 415 F.2d 403, 415 (5th Cir. 1969)).

## III.    DISCUSSION

Clarke's raises three issues on appeal:  that the arbitrator exceeded his authority by granting RSF (1) an unauthorized rescission remedy, (2) a remedy

No. 15-41492

that conflicted with the terms of the underlying contract, and (3) unsegregated costs.[1]  We address each issue in turn.

### A.

Clarke's argues that by awarding what it characterizes as a "rescission remedy," the arbitrator awarded damages for which RSF did not ask, thereby exceeding his authority in violation of 9 U.S.C. §§ 10(a)(4) and 11(b).  RSF counters by asserting that the arbitrator's award was not a rescission remedy, but rather damages "consisting of the undisputed amounts paid to Clarke's," a point the arbitrator stressed in his final award.  RSF further notes that, although it did not request a *rescission*, it did request damages for Clarke's breach of contract, including any amounts RSF paid to Clarke's.

In making his final award, the arbitrator found that, because Clarke's work was in many ways defective, RSF rightfully rejected the work as a whole, citing to OR. REV. STAT. § 72.3160(2) and noting that RSF had not waived the warranty of merchantability.  In rendering his $916,850.77 award, the arbitrator noted that this was the total amount RSF paid Clarke's.  Thus, the arbitrator did not award an improper rescission remedy, but rather damages that "arguably constru[e] or appl[y] the contract."  *Garvey*, 532 U.S. at 509 (quoting *E. Associated Coal Corp.*, 531 U.S. at 62).  Accordingly, we will not overturn the award on this ground.

---

[1] Clarke's also brings several evidentiary challenges, alleging that the evidence before the arbitrator did not support the award.  Clarke's does not, however, allege that the arbitrator made these determinations in bad faith.  Because "[w]hen an arbitrator resolves disputes regarding the application of a contract, and no dishonesty is alleged, the arbitrator's 'improvident, even silly, factfinding' does not provide a basis for a reviewing court to refuse to enforce the award," we need not address these issues.  *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (quoting *Paperworkers v. Misco, Inc.*, 484 U.S. 29, 38 (1987)); *see also* Christopher D. Kratovil, *Judicial Review of Arbitration Awards in the Fifth Circuit*, 38 ST. MARY'S L.J. 471, 478 (2007) ("[N]one of the four FAA statutory grounds for vacating an arbitration award is designed to correct a good-faith error of fact or law by the arbitrator, no matter how egregious." (citing *Garvey*, 532 U.S. at 509)).

No. 15-41492

## B.

The second issue Clarke's raises is that the arbitrator's damages award directly conflicts with the terms of Clarke's agreement with RSF, which limits damages for breach of warranty to the repair and replacement of any defective equipment.    Further, Clarke's contends that Oregon law regarding construction contracts, not the Oregon Uniform Commercial Code ("UCC"), should govern here.   RSF, on the other hand, asserts that the arbitrator's application of the Oregon UCC was proper, as its contract with Clarke's is titled "Agreement For The Sale Of Goods With Installation Services," and the contract outlines the manufacture, sale, and installation of the equipment Clarke's agreed to supply.

Under Oregon law, "[w]here circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in the [UCC]." *Young v. Hessel Tractor & Equip. Co.*, 782 P.2d 164, 167 (Or. Ct. App. 1989) (quoting OR. REV. STAT. § 72.7190).   Because the arbitrator found that the exclusive remedy listed in Clarke's contract with RSF failed of its essential purpose, revocation of acceptance became an available remedy, *see id.*, a remedy rationally inferable from the purpose of the underlying agreement.  *See Timegate Studios*, 713 F.3d at 802; *Executone*, 26 F.3d at 1325 ("[T]he remedy lies beyond the arbitrator's jurisdiction only if there is no rational way to explain the remedy handed down by the arbitrator as a logical means of furthering the aims of the contract." (citation omitted)).   Accordingly, we affirm the district court's confirmation of the damages award.

## C.

Finally, Clarke's argues that the arbitrator exceeded his authority in awarding RSF unsegregated costs.   RSF counters by pointing out that the expenses associated with bringing its breach of contract claim against Clarke's—a claim under which RSF is not entitled to expenses—served "double

duty" in defending against Clarke's mechanic's lien claim—a claim pursuant to which RSF *is* entitled to fees and expenses. Thus, RSF argues, the arbitrator did not exceed his authority in awarding RSF $193,352.59 in expenses.

The arbitrator determined that because Clarke's did not recover on its mechanic's lien, RSF was entitled to costs and expenses associated with defending that claim. After noting that, under Texas law, claimants must segregate fees between recoverable and unrecoverable claims, the arbitrator explained that some fees associated with multiple claims can serve double duty, in that the claims' "prosecution or defense entail[] proof or denial of essentially the same facts." *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006) (quoting *Flint & Assocs. v. Intercontinental Pipe & Steel, Inc.*, 739 S.W.2d 622, 624–25 (Tex. App.—Dallas 1987, writ denied)). Concluding that "the work necessary to defend the mechanic's lien was inextricably intertwined with the efforts to handle the claims for breach of contract and misrepresentation," the arbitrator found that RSF was entitled to reasonable costs. Because the arbitrator's award is based on the essence of RSF and Clarke's contract and does not amount to manifest infidelity, we affirm the arbitrator's award. *See Timegate Studios*, 713 F.3d at 802–03.

## IV.   CONCLUSION

For the foregoing reasons, we AFFIRM the arbitration award in full.